IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **COREY STEWART-RICHARDSON,** : | |
|     **Plaintiff** : | |
| : | No. 1:22-cv-00742 |
| v. : | |
| : | (Judge Kane) |
| **LT. CONNELLY, et al.,** : | |
|     **Defendants** : | |

**MEMORANDUM**

On May 20, 2022, pro se Plaintiff Corey Stewart-Richardson ("Plaintiff"), initiated the above captioned case by filing a civil rights complaint pursuant to 42 U.S.C. § 1983. (Doc. No. 1.) After mail to Plaintiff was returned to the court as undeliverable on July 5, 2022, the Court issued an Order on July 14, 2022 requiring him to update his address on or before August 14, 2022 or the Court would order him to show cause as to why the case should not be dismissed for failure to prosecute. (Doc. No. 8.) Plaintiff did not respond, and mail sent to him was again returned to the Court as undeliverable on July 25, 2022. (Doc. No. 9.) The Court issued an Order on August 22, 2022 requiring Plaintiff to show cause on or before September 22, 2022 as to why the case should not be dismissed for failure to prosecute. (Doc. No. 10.) He has again failed to respond, and the Court will accordingly dismiss the complaint with prejudice for failure to prosecute.

**I.      LEGAL STANDARD**

Federal Rule of Civil Procedure 41(b) allows for the dismissal of an action for "failure of the plaintiff to prosecute or comply with these rules or order of court." See Fed. R. Civ. P. 41(b). District courts have the inherent power to dismiss an action sua sponte for failure to prosecute. See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991). When determining whether to dismiss an action for a plaintiff's failure to prosecute under Rule 41(b), the Court must balance the

factors set forth in Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984). These factors include:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Id. at 868.  Not all of the Poulis factors must be satisfied in order for a court to dismiss a complaint.  See Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992).

## II.     DISCUSSION

Beginning with the first Poulis factor, because Plaintiff is proceeding pro se, he is personally responsible for his failure to comply with the Court's orders requiring him to update his address.  See Emerson v. Thiel Coll., 296 F.3d 184, 191 (3d Cir. 2002).  The first Poulis factor accordingly weighs in favor of dismissal.

The second Poulis factor—prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery—also weighs in favor of dismissal.  Although Defendants have not yet been served with process, Plaintiff's failure to update his address has delayed the Court's ability to proceed with the case.  Thus, if Defendants were served with process they would be forced to respond to a complaint that had been in a largely inactive posture for a significant period of time.  This inactivity would harm the Defendants' ability to recall events related to the complaint and hinder their ability to respond to the complaint.

Examining the third factor, a history of dilatoriness, the Court observes that Plaintiff has failed to comply with multiple Orders requiring him to update his address.  Plaintiff's failure to comply with court orders demonstrates an intention to discontinue this litigation.  See, e.g., Cohn

v. PSU, No. 1:20-cv-00961, 2022 WL 2231826, at *9 (M.D. Pa. June 21, 2022).  The third factor accordingly weighs in favor of dismissal.

The Court finds that the fourth and fifth Poulis factors, whether Plaintiff's conduct was willful or in bad faith and the effectiveness of sanctions other than dismissal, also weigh in favor of dismissal.  First, Plaintiff's failure to abide by Court orders demonstrates a willful disregard for procedural rules and court directives.  See id.  Second, because Plaintiff has not communicated with the Court in any manner since filing his complaint four months ago, the Court is without any viable alternative to dismissal.

The Court finds the sixth factor, the meritoriousness of Plaintiff's claims, neutral.  Given Plaintiff's failure to communicate with the Court and failure to update his address, the Court has not conducted a mandatory screening of Plaintiff's complaint, nor has it ordered Defendants to respond to the complaint.  In the absence of a mandatory screening review or a response from the Defendants regarding the merits of the complaint, the Court cannot determine whether Plaintiff's complaint has merit.

In sum, upon balancing the Poulis factors, the Court finds that the factors weigh heavily in favor of dismissing this action pursuant to Federal Rule of Civil Procedure 41(b) for Plaintiff's failure to prosecute.  Further, in light of Plaintiff's failures to comply with the Court's Orders and silence over the past four months, and given that he has yet to respond to the Court's show-cause Order, the Court will dismiss this action with prejudice.  See Hamer v. LivaNova Deutschland GmbH, 994 F.3d 173, 177 n.3 (3d Cir. 2021) (noting that "[d]istrict courts have authority under Rule 41(b) of the Federal Rules of Civil Procedure to dismiss claims with prejudice for failure to comply with a court order").

### III. CONCLUSION

For the foregoing reasons, the Court will dismiss Plaintiff's complaint (Doc. No. 1) with prejudice for failure to prosecute. Plaintiff's motion for leave to proceed in forma pauperis will be denied as moot. An appropriate Order follows.